McKinney, J.,
delivered the opinion, of the Court.
This suit was commenced before a justice of Monroe county, and was taken, by appeal, to the Circuit Court. Verdict and judgment were rendered for the defendant, and an appeal in error to this Court.
The suit is founded upon an obligation executed by Cuson to Clark, for $125.00, “ which may he discharged in good ¡merchantable upper leather, at sixty cents per pound, to be delivered at Sweet Water Depot, against the 25th of December, 1857.”
The proof shoves, that on the 25th of December, 1857, the defendant deposited a parcel of upper leather in the store of *56 Spillman & Vaughn, in the town of Sweet Water, for the plaintiff. It appears that the leather was of good quality; and that the quantity was of the value, at sixty cents per pound, of more than $125.00. It further appeal’s, that the store of Spillman & Vaughn “was near the depot,” but entirely disconnected with it; the distance between- the places is not stated.
The jury were instrubted by his Honor, the Circuit Judge, “ that if there was an understanding between the plaintiff and defendant, that the leather should be delivered at the store near to the depot,, and it was so delivered on the day specified in the contract, it would be a satisfaction,” &c.
This instruction, we think, was erroneous. We perceive no-sufficient evidence in this record of any such “ understanding”1 between the parties. But, if such a verbal agreement had been made, it would have been inadmissible, on the ground, that it is directly contradictory of the written instrument, which fixes a definite place for the delivery of the leather. The proximity of the store to the depot* is a matter altogether irrelevant. A definite place being fixed in the instrument, the delivery must be at that place.
Judgment reversed.